# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Rose McColloch, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Hartford Life and Accident Insurance Company, | |
| Defendant. | |

Comes now the Plaintiff, and for her cause of action against the Defendant, states and alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred under 29 U.S.C. § 1132(e) as Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001 et seq.

## PARTIES

2. Plaintiff is a Minnesota resident.

3. Defendant Hartford Life and Accident Insurance Company ("Hartford") is an insurance company that is licensed to do business in the State of Minnesota.

## FACTS

4. At all times material herein the Plaintiff was employed by Post Holdings, Inc. ("Post").

5. Post maintained an employee benefit plan and Plaintiff was a participant in that plan for long-term disability.

6. Post's long-term disability plan underwrote and funded its liabilities under the plan with a policy of insurance underwritten and provided by Hartford.

7. Defendant Hartford is a fiduciary under the Plan.

8. That as a result of various physical disabilities the Plaintiff qualified for disability benefits under the LTD Plan and Hartford's Policy and continues to be disabled, and as such Plaintiff is also entitled to a waiver of premium payments under the Policy.

9. Plaintiff filed a claim for short-term disability benefits and that claim was approved on May 1, 2017. Plaintiff then filed a claim for long-term disability benefits and Hartford approved her LTD claim on November 14, 2017. Hartford paid LTD benefits from October 30, 2017 to October 29, 2019 acknowledging that Plaintiff was incapable of performing her "own occupation." Due to the severity of her injuries, and with the support of her treating physicians, Hartford acknowledged that Plaintiff remained disabled from "any occupation" and then paid benefits commencing October 30, 2019 under the "any occupation" provision of her policy. Despite Plaintiff being unable to return to work because there has been no substantial improvement in her medical conditions, she received a denial letter from Hartford dated November 12, 2021, cutting off all additional LTD benefits as of November 11, 2021. Plaintiff submitted an Administrative Appeal on May 10, 2022 and received a denial letter dated July 19, 2022 stating that Plaintiff has exhausted her administrative remedies under the LTD policy.

10. That as a direct and proximate result of the Defendant's actions, Plaintiff has sustained damages based on benefits due under the Plan.

11. That as a direct and proximate result of Defendant's actions, Plaintiff has been forced to incur costs and attorney's fees and, under the terms of ERISA, is entitled to be reimbursed by the Defendant for said fees and costs.

**WHEREFORE**, Plaintiff requests judgment against the Defendant granting her the following relief:

1. Ordering Defendant to pay Plaintiff all benefits due under the LTD Plan to the present and continuing.

2. Ordering Defendant to waive premium payments by Plaintiff.

3. Awarding Plaintiff prejudgment interest on the amount of benefits due.

4. Awarding Plaintiff costs and attorneys' fees incurred in bringing this proceeding.

5. Granting Plaintiff such other and further relief as the Court may deem just and equitable.

Dated:   August 5, 2022                **NOLAN, THOMPSON, LEIGHTON & TATARYN, PLC**

By: s/Robert J. Leighton, Jr.
Robert J. Leighton, Jr. (#220735)
Denise Y. Tataryn (#179127)
Attorneys for Plaintiff
1011 1st Street South, Suite 410
Hopkins, MN 55343
Phone: 952-405-7171
Email:   rleighton@nmtlaw.com
Email:   dtataryn@nmtlaw.com

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties pursuant to Minn. Stat. § 549.211, subd. 2, if this pleading is filed in bad faith.

s/Robert J. Leighton, Jr.